■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT K. SOBOTKER, Appellant.—Appeal by defendant from (1) a judgment of the County Court, Nassau County, rendered April 21, 1975 (Indictment No. 39969), convicting him of criminal possession of a weapon, etc., as a felony,

upon a jury verdict, and imposing sentence and (2) an amended judgment of the same court, rendered on the same date, upon his plea of guilty to violation of probation. This appeal also brings up for review the denial of defendant's motion to suppress certain evidence (Indictment No. 39969). Judgment and amended judgment affirmed. No opinion. This case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). Martuscello, Acting P. J., Christ, Titone and Hawkins, JJ., concur; Shapiro, J., dissents and votes to reverse the judgment, grant the motion to suppress, and dismiss Indictment No. 39969; and to reverse the amended judgment and vacate defendant's plea of guilty to violation of probation, with the following memorandum: The evidence against defendant was entirely circumstantial and, viewed most favorably to the People, failed to establish his guilt as a matter of law. Briefly stated, the facts show that on April 26, 1974, at about 11:30 P.M., Detective Ragone was sitting in plain clothes in a parked car observing a bar. Officer Narad was with him. They observed a car with three Black males passing by the bar at five miles per hour; the car stopped for 1 to 2 seconds, at which point all three men in the car turned their heads towards the bar; the car then continued down the street at 5 to 10 miles per hour. Defendant Sobotker was driving the car, codefendant Watkins was in the front seat next to him and codefendant Clark was seated in the back. After making their observations, the police followed the car. Thereafter the car stopped at a corner in deference to a stop sign and all three heads again turned to observe a bar near the corner. Halfway down the next block, the officers pulled the car over. As they were stopping, Ragone observed Watkins bending over in the front seat. Sobotker emerged from the car and stated that he did not have the registration or his license because he had forgotten his wallet. Clark and Watkins were also unable to produce identification. The latter two were then asked to get out of the car. Ragone began questioning Watkins who, he observed, had his hands in his pockets. When Watkins obeyed an order to remove his hands from his pockets, Ragone observed a bulge in his right side pants' pocket. Ragone conducted a pat down; the bulge felt like steel. Ragone believed the item was a blade, but what Watkins removed from his pocket pursuant to Ragone's order was a clip with five .25 caliber bullets. Ragone told Narad that there was probably a gun around; Narad quickly found it under the front seat. Ragone was aware when he stopped the car that, within the preceding two weeks, there had been two gas station "stickups" and several office break-ins in the vicinity. Ragone stated that when he observed the behavior of the car and its occupants as it drove by, "I felt that a crime was about to be committed." On cross-examination Ragone stated that he could tell all three looked towards the bar as they drove past it, by observing the backs of their heads. Once the gun was found, all three were arrested. Officer Narad, in the main, corroborated Ragone's testimony. The trial court determined that the gun and the clip, among other objects, were admissible in evidence. In my opinion the stop of the automobile was completely improper and illegal and the evidence, including the weapon upon which the conviction in this case was based, should have been suppressed (see *People v Ingle,* 36 NY2d 413; *People v Martinez,* 37 NY2d 662). In *Martinez (supra)* the facts, as set forth by Judge Gabrielli, were as follows (pp 664–666): "On April 1, 1971, defendant was a passenger in an automobile, parked at the curb with its motor running, in front of a liquor store in a 'high crime' area in the Borough of Queens. Sometime after 11:00 A.M., two New York City police officers, Wilson and Quinlan, approached the vehicle and asked the driver for his license and registration. Later, at the

hearing on the motion to suppress, Officer Wilson explained that he took such action because he suspected 'there was possibly something going on in reference to the liquor store.' He further stated that the 'time of day' and the 'dirty' and 'rogue-y' appearance of the vehicle's occupants formed the basis of his suspicions. When the driver made what Officer Wilson characterized as a 'quick' motion toward the glove compartment, he opened the door of the automobile and spotted a gun on the floor in the rear of the car. He seized the gun and arrested the occupants of the automobile. * * * At the hearing on the motion to suppress the gun seized pursuant to the initial stop, the statement made by the defendant during the interrogation and the knife and coat, the court ruled that all the evidence was admissible. The Trial Judge found that the initial stop and arrest were justified." In a footnote, Judge Gabrielli observed (p 666): "We do not agree with the court's determination that the initial 'stop' was valid (see *People v Ingle*, 36 NY2d 413) and, had defendant been prosecuted for illegal possession of the gun, suppression would have been required." Although the facts there differ somewhat from the case at bar, I fail to see any distinction in principle. Since, in this case, the conviction is for the possession of the weapon, the motion for the suppression of which should have been granted, the judgment should be reversed and the indictment dismissed. Inasmuch as the charge of violation of probation resulted from defendant's prosecution under Indictment No. 39969, the amended judgment should be reversed and the plea of guilty vacated.